## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELVIN ANGEL OCHOA,

        *Petitioner,*

    v.

J.L. JAMISON, et al.,

        *Respondents.*

CIVIL ACTION

NO. 26-4302

## ORDER

**AND NOW**, this 24th day of June, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Ochoa is not subject to mandatory detention under 8 U.S.C.**

   **§ 1225(b)(2)**, and instead may be detained, if at all, pursuant to the

   discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    In February of 2021, Melvin Angel Ochoa—a native of Honduras—entered the United States through the southern border.  (Pet. ¶¶ 1, 17, Dkt. No. 1.)  DHS officers then detained, processed and released him into the country.  (*Id.* ¶ 18.)  He moved to Philadelphia but, on June 21, 2026, immigration officials detained him at his workplace in New Jersey and sent him to the Philadelphia Federal Detention Center.  (*Id.* ¶¶ 2, 21–22.)  He is currently detained there under § 1225(b)(2) without a bond hearing.  *See* (*Id.* ¶¶ 2–3, 23).

    Ochoa filed a federal *habeas* petition on June 23, 2026, alleging violations of the Immigration and Nationality Act, due process and the Administrative Procedure Act.  (*Id.* at 13–19.)  He seeks an order to prevent his transfer outside the Eastern District of Pennsylvania, declare his detention is unlawful, and immediately release him or alternatively conduct a bond hearing.  (*Id.* at 19–21.)  The Government claims he is lawfully detained.  (Gov't Resp. in Opp'n at 5–8, Dkt. No. 3.)

    The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026).  Ochoa was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him.  Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  The Court need not address his due process or APA claims.

2.     **On or before July 1, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Ochoa with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.     Should the immigration judge deny bond, Ochoa may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.